**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 6:13cv569 |
| | § | **JURY TRIAL DEMANDED** |
| DELL INC. | § § § | |
| Defendant. | § § § | |

## <u>PLAINTIFF'S ORIGINAL COMPLAINT</u><br><u>FOR PATENT INFRINGEMENT</u>

Plaintiff Cellular Communications Equipment LLC files this Original Complaint against

Dell Inc. for infringement of U.S. Patent No. 6,819,923 ("the '9923 patent"), U.S. Patent No.

7,215,962 ("the '962 patent"), U.S. Patent No. 7,941,174 ("the '174 patent"), and U.S. Patent

No. 8,055,820 ("the '820 patent").

## <u>THE PARTIES</u>

1.      Cellular Communications Equipment LLC ("CCE") is a Texas limited liability

company with its principal place of business in Plano, Texas.

2.      Dell Inc. ("Dell" or "Defendant") is a Delaware corporation with its principal

place of business in Round Rock, Texas.  Defendant may be served with process through its

agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware

19808.  Defendant does business in the State of Texas and in the Eastern District of Texas.

## JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 1367.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).  On information and belief, Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business in this judicial district, and/or has regular and established places of business in this judicial district.

6.      On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (A) at least part of their infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 6,819,923)

7.      CCE incorporates paragraphs 1 through 6 herein by reference.

8.      CCE is the assignee of the '9923 patent, entitled "Method for Communication of Neighbor Cell Information," with ownership of all substantial rights in the '9923 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements.  A true and correct copy of the '9923 patent is attached as Exhibit A.

9.      The '9923 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

2

10. Defendant has and continues to directly infringe one or more claims of the '9923 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 11, by, among other things, making, using, offering for sale, selling and/or importing Dell devices, including, for example: the XPS 10 Tablet, the DW5630 Mini Card (alone and included in Dell computer systems), the DW5560 Mini Card (alone and included in Dell computer systems), the DW5804 Mini Card (alone and included in Dell computer systems), and the DW5540 Mini Card (alone and included in Dell computer systems). These devices are collectively referred to as the "'9923 Dell Devices."

11. Defendant directly infringes the apparatus claims of the '9923 patent by making, offering to sell, selling, and/or importing the '9923 Dell Devices. Defendant is thereby liable for direct infringement.

12. CCE has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to CCE in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 7,215,962)

13. CCE incorporates paragraphs 1 through 6 herein by reference.

14. CCE is the assignee of the '962 patent, entitled "Method for an Intersystem Connection Handover," with ownership of all substantial rights in the '962 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements. A true and correct copy of the '962 patent is attached as Exhibit B.

15. The '962 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

16.     Defendant has and continues to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of the '962 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 1, 2, 11, 12, and 13, by, among other things, making, using, offering for sale, selling and/or importing Dell mobile devices, including, for example:  the XPS 10 Tablet, the DW5802 Mini Card (alone and included in Dell computer systems), the DW5804 Mini Card (alone and included in Dell computer systems), the DW5800 Mini Card (alone and included in Dell computer systems), the DW5630 Mini Card (alone and included in Dell computer systems), and the DW5540 Mini Card (alone and included in Dell computer systems).  These devices are collectively referred to as the "'962 Dell Devices."

17.     Defendant directly infringes the apparatus claims of the '962 patent by making, offering to sell, selling, and/or importing the '962 Dell Devices.  Defendant also directly infringes the '962 patent by using the '962 Dell Devices to practice the claimed methods. Defendant is thereby liable for direct infringement.

18.     Additionally, Defendant is liable for indirect infringement of the '962 patent because it induces and/or contributes to the direct infringement of the patent by its customers and other end users who use the '962 Dell Devices to practice the claimed methods.

19.     Dell has had knowledge of the '962 patent, at least as early as service of this Complaint.

20.     On information and belief, despite having knowledge of the '962 patent, Defendant has specifically intended and continues to specifically intend for persons who acquire and use the '962 Dell Devices, including Defendant's customers, to use such devices in a manner that infringes the '962 patent, including at least claims 1, 2, 11, 12, and 13.  Defendant knew or

should have known that its actions — including instructing customers and end users regarding use of the '962 Dell Devices — have and continue to actively induce infringement.

21.     On information and belief, Defendant has known and knows that its products accused of infringing (and/or components thereof) are a material part of the inventions of the '962 patent, are especially made and/or adapted for use in infringing the '962 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

22.     CCE has been damaged as a result of Defendant's infringing conduct described in this Count.  Defendant is, thus, liable to CCE in an amount that adequately compensates it for its infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III

### (INFRINGEMENT OF U.S. PATENT NO. 7,941,174)

23.     CCE incorporates paragraphs 1 through 6 herein by reference.

24.     CCE is the assignee of the '174 patent, entitled "Method for Multicode Transmission by a Subscriber Station," with ownership of all substantial rights in the '174 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements.  A true and correct copy of the '174 patent is attached as Exhibit C.

25.     The '174 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

26.     Defendant has and continues to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of the '174 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 1, 6, 9, 14, 18, and 19, by, among other things, making, using, offering for sale, selling and/or importing Dell mobile devices, including, for example: the XPS 10 Tablet, the DW5630 Mini Card (alone

and included in Dell computer systems), the DW5560 Mini Card (alone and included in Dell computer systems), the DW5804 Mini Card (alone and included in Dell computer systems), and the DW5540 Mini Card (alone and included in Dell computer systems).  These devices are collectively referred to as the "'174 Dell Devices."

27.    Defendant directly infringes the apparatus claims of the '174 patent by making, offering to sell, selling, and/or importing the '174 Dell Devices.  Defendant also directly infringes the '174 patent by using the '174 Dell Devices to practice the claimed methods. Defendants are thereby liable for direct infringement.

28.    Additionally, Defendant is liable for indirect infringement of the '174 patent because it induces and/or contributes to the direct infringement of the patent by its customers and other end users who use the '174 Dell Devices to practice the claimed methods.

29.    Dell has had knowledge of the '174 patent, at least as early as service of this Complaint.

30.    On information and belief, despite having knowledge of the '174 patent, Defendant has and continues to specifically intend for persons who acquire and use such devices, including Defendant's customers, to use such devices in a manner that infringes the '174 patent, including at least claims 1, 6, 9, 14, 18, and 19.  Defendant knew or should have known that its actions — including instructing customers and end users regarding use of the '174 Dell Devices — have and continue to actively induce infringement.

31.    On information and belief, Defendant has known and knows that its products accused of infringing (and/or components thereof) are a material part of the inventions of the '174 patent, are especially made and/or adapted for use in infringing the '174 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

32.     CCE has been damaged as a result of Defendant's infringing conduct described in this Count.  Defendant is, thus, liable to CCE in an amount that adequately compensates it for its infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV

### (INFRINGEMENT OF U.S. PATENT NO. 8,055,820)

33.     CCE incorporates paragraphs 1 through 6 herein by reference.

34.     CCE is the assignee of the '820 patent, entitled "Apparatus, System, and Method for Designating a Buffer Status Reporting Format Based on Detected Pre-Selected Buffer Conditions," with ownership of all substantial rights in the '820 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements.  A true and correct copy of the '820 patent is attached as Exhibit D.

35.     The '820 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

36.     Defendant has and continues to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of the '820 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 1, 4, 5, 7, 8, 9, 10, 12, 15, 16, 18, 19, 20, and 21, by, among other things, making, using, offering for sale, selling and/or importing Dell mobile devices, including, for example: the XPS Tablet, the DW5800 Mini Card (alone and included in Dell computer systems), the DW5804 Mini Card (alone and included in Dell computer systems), and the DW5802 Mini Card (alone and included in Dell computer systems).  These devices are collectively referred to as the "'820 Dell Devices."

37.     Defendant directly infringes the apparatus claims of the '820 patent by making, offering to sell, selling, and/or importing the '820 Dell Devices.  Defendant also directly

infringes the '820 patent by using the '820 Dell Devices to practice the claimed methods. Defendant is thereby liable for direct infringement.

38.     Additionally, Defendant is liable for indirect infringement of the '820 patent because it induces and/or contributes to the direct infringement of the patent by its customers and other end users who use the '820 Dell Devices to practice the claimed methods.

39.     Dell has had knowledge of the '820 patent, at least as early as service of this Complaint.

40.     On information and belief, despite having knowledge of the '820 patent, Defendant has specifically intended and continues to specifically intend for persons who acquire and use the '820 Dell Devices, including Defendant's customers, to use such devices in a manner that infringes the '820 patent, including at least claims 1, 4, 5, 7, 8, 9, 10, 12, 15, 16, 18, 19, 20, and 21.   Defendant knew or should have known that its actions — including instructing customers and end users regarding use of the '820 Dell Devices — have and continue to actively induce infringement.

41.     On information and belief, Defendant has known and knows that its products accused of infringing (and/or components thereof) are a material part of the inventions of the '820 patent, are especially made and/or adapted for use in infringing the '820 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

42.     CCE has been damaged as a result of Defendant's infringing conduct described in this Count.  Defendant is, thus, liable to CCE in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

CCE hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

CCE requests that the Court find in its favor and against Defendant, and that the Court grant CCE the following relief:

a.   Judgment that one or more claims of the '9923, '962, '174, and '820 patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendant and/or by others whose infringements have been induced by Defendant and/or by others to whose infringements Defendant has contributed;

b.   Judgment that Defendant account for and pay to CCE all damages to and costs incurred by CCE because of Defendant's infringing activities and other conduct complained of herein;

c.   Judgment that Defendant account for and pay to CCE a reasonable, ongoing, post-judgment royalty because of Defendant's infringing activities and other conduct complained of herein;

d.   That CCE be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein; and

e.   That CCE be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated:  August 2, 2013**                     Respectfully submitted,

<u>/s/ Edward R. Nelson, III by permission T. John
Ward, Jr.</u>
Edward R. Nelson, III
enelson@nbclaw.net
Texas State Bar No. 00797142
Brent N. Bumgardner
bbumgardner@nbclaw.net
Texas State Bar No. 00795272
Barry J. Bumgardner
barry@nbclaw.net
Texas State Bar No. 00793424
S. Brannon Latimer
blatimer@nbclaw.net
Texas State Bar No. 24060137
Thomas C. Cecil
tcecil@nbclaw.net
Texas State Bar No. 24069489
Michael J. Fagan, Jr.
mfagan@nbclaw.net
Louisiana State Bar No. 33821
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone:  (817) 377-9111
Fax:  (817) 377-3485

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
Claire Abernathy Henry
Texas State Bar No. 24053063
WARD & SMITH LAW FIRM
P.O. Box 1231
1127 Judson Rd. Ste. 220
Longview, Texas  75606-1231
(903) 757-6400
(903) 757-2323 (fax)
jw@jwfirm.com
wh@wsfirm.com
ch@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
CELLULAR COMMUNICATIONS
EQUIPMENT LLC**